```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/19/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMY ALLAN JAMES,

                                        Plaintiff,

                    -against-

                                                                **ORDER**

THE STATE UNIVERSITY OF NEW YORK,                               **22-CV-4856 (PAE) (KHP)**

                                        Defendant.

**KATHARINE H. PARKER, United States Magistrate Judge.**

On January 15, 16, and 17, 2023, Plaintiff filed three letters addressed to Judge

Engelmayer.  (ECF Nos. 40-42.)  The letters raise concerns regarding discovery and Defendant's

motion to dismiss.  Because I am referred for General Pretrial, such correspondence should be

addressed to me rather than to Judge Engelmayer in the future.  Additionally, letters to the

Court should not exceed three pages in length and should not be filed in multiple parts.

Plaintiff's letters raise three requests.  First, Plaintiff seeks to have his case bypass the

motion to dismiss stage and proceed with discovery.  In particular, Plaintiff states that his case

warrants "due addressing," and he requests that Defendant not be permitted to move to

dismiss or make any arguments in favor of dismissal.  He also asks the Court to direct Defendant

to produce certain discovery.  Second, Plaintiff asks the Court to provide "judicial review" of

Defendant's argument that it is immune from certain state law claims.  Third, Plaintiff asks the

Court to find that an OCR report is inadmissible.

As to Plaintiff's first request, the Court understands that Plaintiff is eager for his case to

move forward with discovery.  However, the Rules of Civil Procedure provide that a defendant

may move to dismiss a complaint for failure to state a claim, and it is appropriate for the court

to consider a defendant's arguments for dismissal before the completion of discovery.  Indeed,

this is frequently the most efficient and cost-effective process for the parties.  The Court is well

within its discretion to set a discovery schedule and has ordered only that initial disclosures be

exchanged until after a ruling on a motion to dismiss.  (ECF No. 38); *see also Williams v. City of*

*New York*, 602 F. App'x 28, 29 (2d Cir. 2015) (holding the district court did not err by deferring

discovery until after it ruled on the motion to dismiss).  Additionally, no discovery is necessary

in connection with briefing and consideration of a motion to dismiss.  When considering a

motion to dismiss, the court assumes the well-pleaded factual allegations in the complaint are

true and draws all reasonable inferences in the plaintiff's favor, regardless of what discovery

ultimately reveals.  *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).  Courts

interpret pleadings submitted by pro se plaintiffs "to raise the strongest arguments that they

suggest."  *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000).

For the above reasons, Plaintiff's requests that Defendant not be permitted to move to

dismiss and that the Court order certain discovery to be produced at this time are denied.  Per

the Court's order at ECF No. 38, discovery in this matter will occur in stages, with the first stage

of discovery due on February 9, 2023.

As to Plaintiff's request that the Court provide "judicial review" of Defendant's

argument that it is immune from certain claims, the motion is improper at this time.  The Court

will review all arguments of the parties after the motion to dismiss is fully briefed.  This means

that the Court will carefully and fully consider Plaintiff's arguments that are set forth in an

opposition to the motion to dismiss.  All arguments opposing Defendants' anticipated motion

2

should be included in Plaintiff's opposition brief.  The Court will not consider arguments made outside of the briefing ordered by the Court.  The Court again encourages Plaintiff to contact the NYLAG clinic for assistance with briefing.

Finally, as to Plaintiff's request that the Court find the OCR report to be inadmissible, this request is also premature at this stage of the proceeding.  *In re Parmalat Sec. Lit.*, 239 F.R.D. 361, 361 (S.D.N.Y. 2006) (noting that it was premature to make a determination as to admissibility of testimony during the discovery stage of the proceeding).  Because no party has sought to admit the document in question as evidence, the Court cannot assess admissibility at this stage.

While the Court understands that Plaintiff is eager for his case to move forward, litigation must occur in orderly stages as ordered by the Court to ensure fairness to all parties and to allow the Court to carefully consider the parties' respective positions.  Plaintiff shall refrain from making further applications to the Court until after the motion to dismiss is fully briefed (with the exception of motions for extension of time or adjournments, if needed).

Dated: January 19, 2023
      New York, New York

**SO ORDERED**.

_____
KATHARINE H. PARKER
United States Magistrate Judge