UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY ALLAN JAMES,<br><br>                              Plaintiff,<br><br>                -v.-<br><br>THE STATE UNIVERSITY OF NEW YORK,<br><br>                              Defendant. | 22 Civ. 4856 (JHR) (KHP)<br><br>ORDER |

JENNIFER H. REARDEN, District Judge:

On January 21, 2023, Plaintiff requested that this Court review certain of his previously filed letters to Magistrate Judge Katharine H. Parker, ECF Nos. 40 and 41, who is assigned to the case for General Pretrial management. ECF No. 47. Those letters had already been addressed by Judge Parker. ECF No. 44. To the extent Plaintiff now contends that his letters at ECF Nos. 40 and 41 constituted objections to Judge Parker's January 11, 2023 Scheduling Order, ECF No. 38, pursuant to Federal Rule of Civil Procedure 72(a) ("Rule 72(a)"), his objections are denied.

Rule 72(a) provides that when a magistrate judge issues a decision regarding a pretrial matter not dispositive of a party's claim or defense, the parties may file objections to that written order, and the assigned district judge must modify or set aside any part of the order that is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Assuming Rule 72(a) even applies, Judge Parker's prior Order was not clearly erroneous or contrary to law. *See Kumaran v. Nat'l Futures Ass'n, LLC*, 2021 WL 2660441, at *2 (S.D.N.Y. June 29, 2021) ("magistrate judges are afforded broad discretion in resolving non-dispositive disputes, including matters of scheduling") (internal quotation omitted). Judge Parker has broad discretion to issue scheduling and discovery-related orders and opinions, consistent with the referral of such matters to her.

Plaintiff's most recent letter also requests that Plaintiff be permitted to continue submitting letters to the Court "in multipart" and "at whichever length" he chooses. This request is denied. It is well within the Court's discretion to set reasonable limits as to the parties' submissions, including page limits. *See Lue v. JPMorgan Chase & Co.*, 768 F. App'x 7, 9 (2d Cir. 2019). It would be unduly burdensome on the Court and Defendant if Plaintiff continued to file letters in multiple parts and of unlimited length. Plaintiff shall not file letters in multiple parts going forward. Plaintiff shall comply with page limits going forward. Any future filings that contravene the Court's rules and orders, including the Court's prohibition on multi-part requests and its rules as to page limits, may be stricken from the record as improperly filed. Plaintiff shall comply with my Individual Rules and Practices for all matters properly addressed to me. They are available at https://nysd.uscourts.gov/hon-jennifer-h-rearden.

Otherwise, Plaintiff shall follow Judge Parker's Individual Rules of Practice, available at https://www.nysd.uscourts.gov/hon-katharine-h-parker, for all scheduling and discovery-related matters.

Plaintiff's letter also requests that Defendant be held in contempt of court because of its "subversion and insolent attacks against the Department of Justice . . . and to our government." ECF No. 47. "A finding of contempt can only be made when the moving party establishes by clear and convincing evidence that the alleged contemnor violated the court's ruling." *Heritage of Pride, Inc. v. Matinee NYC Inc.*, 2014 WL 3703871, at *1 (S.D.N.Y. July 23, 2014). The Court has not yet issued any ruling that Defendant could arguably have violated. Therefore, Plaintiff's request to hold Defendant in contempt of court is denied.

Finally, Plaintiff requests a stay of this action until his various requests are fully addressed. That request is denied as moot. As Judge Parker is responsible for discovery in this matter, all future scheduling requests should be addressed to her.

SO ORDERED.

Dated: January 30, 2023
       New York, New York

_____
JENNIFER H. REARDEN
United States District Judge

3