UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMY ALLAN JAMES,

                                        Plaintiff,

                 -against-

THE STATE UNIVERSITY OF NEW YORK,

                                        Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY  FILED
DOC #:_____
DATE FILED:__3/3/2023____

**OPINION AND ORDER
ON MOTION TO RECUSE
AND MOTION TO STAY**
**22-CV-4856 (JHR) (KHP)**

**KATHARINE H. PARKER, United States Magistrate Judge.**

Plaintiff has requested a stay of this case pending resolution of the action filed at 22-cv-10051 and that I recuse myself from this action.  (ECF No. 62.)  For the reasons stated below, Plaintiff's motions are DENIED.

**BACKGROUND**

Plaintiff commenced this action on June 9, 2022 against the State University of New York ("SUNY") asserting claims for gender discrimination and sexual harassment.  (ECF No. 1.) In general terms, the complaint alleges that when Plaintiff was a student at the SUNY Stony Brook School of Social Welfare and participating in an internship organized through the school, he was sexually harassed by his internship supervisor, fired from his internship for complaining about the harassment, and ultimately dismissed from the program.

On September 20, 2022, pursuant to the Court's administrative program for assigning judges, the Honorable Paul A. Engelmayer was randomly assigned to this case as the District Judge and I was randomly designated as the Magistrate Judge.  On September 28, 2022, Judge Engelmayer referred this case to me for General Pretrial supervision.  (ECF No. 17.)

On November 27, 2022, Plaintiff filed a separate action in this Court against the U.S. Department of Education's Office for Civil Rights ("OCR") and two individual defendants (the "Second Lawsuit").  *See James v. U.S. Dept. of Education's OCR*, 22-cv-10051 (LTS).  The complaint in that action, pending before the Honorable Laura Taylor Swain, asserts claims arising out of OCR's investigation into Plaintiff's internal complaint against SUNY based on the same alleged harassment and retaliation that forms the basis of the claims in this action. Although both lawsuits concern the same underlying alleged harassment and retaliation, they are brought against different defendants and assert different causes of action.  Plaintiff has not served the defendants in that case, no defendants have made an appearance, and no discovery has been ordered.  On February 14, 2023, Judge Swain granted Plaintiff leave to amend the complaint to add defendants, but no amended complaint has been filed as of the date of this Opinion and Order.

On January 10, 2023, the parties in this action appeared for an Initial Case Management Conference before me.  At the conference, the Court set a deadline of February 9, 2023 for Plaintiff to amend the Complaint and join parties if he wanted to do so.  The Court also set March 13, 2023 as the deadline for Defendant to answer or move to dismiss the Complaint. (ECF No. 38.)  The Court denied Defendant's motion to stay discovery and ordered that discovery proceed in stages, starting with the exchange of initial disclosures.  (*Id.*)  The Court also denied Plaintiff's motion to hold Defendant in contempt of Court, because Defendant had not defied any Court order.  (*Id.*)

Following the conference, Plaintiff filed a series of letter motions seeking different results from what the Court had ordered at the conference.  On January 15-17, Plaintiff filed

several letters addressed to Judge Engelmayer making requests that fell within my referral for General Pretrial management, and I addressed those letters by Court Orders issued on January 18 and 19, 2023. (ECF Nos. 40-44.)

On January 20, this case was reassigned to the Honorable Jennifer H. Rearden to be the presiding District Judge as part of the Court's plan for distribution of cases to new judges.[1] The Undersigned remained referred for General Pretrial.

Over the next few days, Plaintiff filed five letters to Judge Rearden seeking review of the decisions I made at the initial conference. (ECF Nos. 45, 47, 51, 52, 54.) In particular, Plaintiff requested that Defendant be prevented from moving to dismiss, that the Court order certain discovery to be exchanged immediately, and that the Court hold Defendant in contempt of court based on its "subversion and insolent attacks against the Department of Justice." Both the undersigned and Judge Rearden issued orders denying these requests and providing explanations as to why these requests were denied. (ECF Nos. 44, 50, 53, 55.) Judge Rearden also reiterated that Plaintiff should address discovery-related matters to me.

Now, apparently unhappy with the results he has received to date, Plaintiff is requesting that different judges be assigned to his case. In particular, since February 9, 2023 until the time of filing of this Order, Plaintiff filed eight letters seeking "reassignment" to a different District Judge and Magistrate Judge, and that his case be stayed pending reassignment. (ECF No. 56, 59, 60, 62, 63, 64,65, 66.)[2] The reasons for his request are that Defendant has been

---

[1] *See* U.S. District Court, S.D.N.Y., *Pro Se Frequently Asked Questions*, https://www.nysd.uscourts.gov/prose-faqs (explaining that judges may be reassigned to cases as part of the internal administration of the Court, such as when, as here, a new judge joins the bench and cases must be reassigned to the new judge.)

[2] Plaintiff should not file multiple, seriatim letters to the Court. At times, the court may take some time to respond to a party's request or motion depending on the urgency involved and the level of time, research and analysis required to address the request. It does not yield a faster result to make numerous filings requesting

"uncooperative" in discovery; Plaintiff "did not ask" for his case to be reassigned to Judge Rearden; and his various "objections" have not been "Duly and Properly addressed" by the currently assigned judges.  (ECF No. 62.)  Plaintiff also argues that Judge Rearden has "deferred" to me rather than providing "overs[ight]," and he believes the Court has somehow "deliberately" conspired to "switch judges directly following" Plaintiff's letter motions addressed to Judge Engelmayer.  (*Id.*)

In addition, Plaintiff seeks a stay in this action pending resolution of the Second Lawsuit.

## ANALYSIS

### 1.  Motion for Reassignment / Recusal

Parties cannot pick and choose a judge to hear their case, and there is no process by which a party can request "reassignment" based on a preference, a dislike of a particular judge, or a disappointment with a judge's rulings.  A party may request that a judge recuse herself in any proceeding in which the judge's "impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  However, there is a strong presumption that a judge is impartial, and the movant bears the "substantial" burden of overcoming that presumption.  *Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, 332 F. Supp. 2d 667, 670 (S.D.N.Y. 2004) (citation omitted).  A judge has "an affirmative duty" not to unnecessarily disqualify herself. *Nat'l Auto Brokers Corp. v. Gen. Motors Corp.*, 572 F.2d 953, 958 (2d Cir. 1978).  It is well established that "seeking a judge's recusal simply because a litigant is unhappy with a judge's ruling or case management—in other words, judge-shopping—is insufficient grounds to

the same relief.  To the contrary, this slows down the court's process, as the court reads and carefully considers every filing that is made.

warrant recusal." *Conte v. Tapps Supermarket*, Inc., 2022 WL 18228316, at *2 (E.D.N.Y. Dec. 19, 2022) (collecting cases).

Construing Plaintiff's letters as a motion for recusal, the Court finds that Plaintiff has not met his burden to show that recusal is warranted.  Plaintiff has not asserted any facts giving rise to any inference of partiality, and the record does not reflect any bias or partiality.  To the contrary, Plaintiff admits that he is simply unhappy with the Court's rulings to date (which, given the infancy of this case, principally concern scheduling) and he believes assignment to a different judge will yield more favorable results.  This is plainly an attempt at impermissible judge shopping and is not a sufficient ground for recusal.  *Watkins v. Smith*, 561 F. App'x 46, 47 (2d Cir. 2014) (explaining that dissatisfaction with district court's rulings and case management decisions is no basis for recusal and imposing sanctions on the plaintiff for bringing a motion to recuse based on such frivolous grounds).  Accordingly, the motion for recusal by the Undersigned is DENIED.

### 2.  Motion to Stay

Plaintiff has sought to stay this action pending resolution of his Second Lawsuit at 22-cv-10051.  Courts have the authority to stay proceedings pending the disposition of another case that could affect the outcome.  *GOJO Indus., Inc. v. Innovative Biodefense, Inc.*, 407 F. Supp. 3d 356, 361  (S.D.N.Y. 2019) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  While the power to stay proceedings is discretionary, a stay should only be granted in "rare circumstances," *Landis*, 299 U.S. at 255, such as where a stay would serve the interests of the parties, the courts, and the public interest, *Readick v. Avis Budget Grp., Inc.*, 2014 WL 1683799, at *2 (S.D.N.Y. Apr. 28, 2014).  Where two actions involve "substantially the same issues," the

court may stay one action pending resolution of the other; however, the action that was filed first should have priority over the later-filed action absent special circumstances. *William Gluckin & Co. v. International Playtex Corp.*, 407 F.2d 177, 178 (2d Cir. 1969); *see also Regions Bank v. Wieder & Mastroianni, P.C.*, 170 F. Supp. 2d 436, 439 (S.D.N.Y. 2001) (collecting cases). This is known as the "first-filed rule."

Here, Plaintiff has not made any showing that a stay of this action is appropriate or warranted. As an initial matter, he has not shown that the Second Lawsuit would have any bearing on the outcome of this case, because that case involves different defendants and different claims. Additionally, that case was filed *after* this action, and is procedurally behind this action. Thus, a stay of this action would be contrary to the first-filed rule. Plaintiff's attempt to stay this case pending resolution of his later-filed action against OCI appears to be another attempt by Plaintiff to engage in judge shopping. This is not a basis to stay an action. *See, e.g. Kellen Co. v. Calphalon Corp.*, 54 F. Supp. 2d 218, 223 (S.D.N.Y. 1999) (denying plaintiff's motion to stay first-filed action pending later-filed action, and noting that the motion "smacks of forum shopping"); *Waters v. Drake*, 2021 WL 980882, at *3 (E.D.N.Y. Mar. 16, 2021) ("the application of the first-filed rule to this case serves to protect against any potential effort by Plaintiff to use this action as a means to forum or judge shop.") Thus, Plaintiff's request for a stay is denied.

### CONCLUSION

For the above reasons, Plaintiff's motions for recusal of the Undersigned and for a stay are denied.

The parties are reminded that an in-person case management conference is scheduled on Tuesday, March 28, 2023 at 11:00 a.m.  To the extent Plaintiff has ongoing questions and concerns in this matter, he is encouraged to raise them at the conference rather than by filing multiple letters on the docket.  The Court has set aside a full hour for that conference.  By **Monday, March 27, 2023**, the parties shall file a letter no longer than 2 pages listing proposed agenda items for the conference.

**SO ORDERED.**

Dated: March 3, 2023
      New York, New York

KATHARINE H. PARKER
United States Magistrate Judge