UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMY ALLAN JAMES,

                        Plaintiff,

-against-

THE STATE UNIVERSITY OF NEW YORK,

                        Defendant.

**ORDER**

22-CV-4856 (JHR) (KHP)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/5/2023

**KATHARINE H. PARKER, United States Magistrate Judge.**

In recent filings, Plaintiff continues to insist that this action is stayed because of his Interlocutory Appeal to the United States Court of Appeals for the Second Circuit. (See, e.g. ECF Nos. 85, 88.) The Court has already explained to Plaintiff that his appeal does not automatically result in a stay of this action, and the Second Circuit has not ordered a stay in this action. (ECF No. 78.) Plaintiff has not provided this Court with an order by the Second Circuit staying this action, but instead has provided an email from the Second Circuit's Pro Se Unit informing Plaintiff that any request for a stay needs to be "forwarded to SDNY" (i.e. the request must be addressed to *this* Court). (ECF No. 74.)

It is well established that the "determination [of] whether to enter a stay pending an interlocutory appeal is within the discretion of the district court." *Nam v. Permanent Mission of the Republic of Korea to the United Nations*, 2023 WL 2456646, at *1 (S.D.N.Y. Mar. 10, 2023); *see also Ferring B.V. v. Allergan, Inc.*, 343 F. Supp. 3d 284, 291 (S.D.N.Y. 2018); *Sutherland v. Ernst & Young LLP*, 856 F.Supp. 2d 638, 640 (S.D.N.Y. 2012). The District Court has already considered whether to grant a stay here in light of Plaintiff's Interlocutory Appeal, and it found

that no stay is warranted because Plaintiff has not shown substantial likelihood of success on the merits of his appeal, nor has he shown the possibility of irreparable injury absent a stay. (ECF No. 78.)  This determination is consistent with case law.  *See, e.g. Williams v. City Univ. of New York*, 2014 WL 4384677, at *2-3 (E.D.N.Y. Sept. 3, 2014), *aff'd*, 633 F. App'x 541 (2d Cir. 2015) (denying request for a stay pending appellate review of the court's denial of a motion to recuse, because the plaintiff's appeal "is unlikely to succeed"); *In re Savage & Assocs., P.C.*, 2005 WL 488643, at *1-2 (S.D.N.Y. Feb. 28, 2005) (same).

Plaintiff is directed to attend the **April 10, 2023 Case Management Conference**, at which the Court will discuss moving forward with discovery, which Plaintiff has repeatedly requested.  Plaintiff is reminded that his brief in opposition to the Motion to Dismiss is due on April 12, 2023.  If Plaintiff fails to submit an opposition brief by the deadline, the Court will assume the motion to dismiss is unopposed and will issue a decision based only on Defendant's moving papers.  *See, e.g. Guilfuchi v. Casey*, 2012 WL 6150879, at *1 (S.D.N.Y. Dec. 11, 2012) (treating motion to dismiss as unopposed where pro se plaintiff failed to file an opposition brief or amended complaint by the deadline).

**SO ORDERED.**

Dated: April 5, 2023
    New York, New York

_Katharine H. Parker_____
KATHARINE H. PARKER
United States Magistrate Judge