```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/5/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMY ALLAN JAMES,

                    Plaintiff,

-v.-

THE STATE UNIVERSITY OF NEW YORK,

                    Defendant.

22 Civ. 04856 (JHR) (KHP)

ORDER ADOPTING REPORT
AND RECOMMENDATION

JENNIFER H. REARDEN, District Judge:

*Pro se* Plaintiff Jeremy Allan James brings this employment discrimination action against The State University of New York ("SUNY"). Before the Court is the July 27, 2023 Report and Recommendation of Magistrate Judge Katharine H. Parker recommending that the action be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute. *See* ECF No. 112. The Court has examined the Report and Recommendation, to which no objections have been filed. For the reasons stated below, the Court finds no clear error in the Report and Recommendation and adopts it in full.

## BACKGROUND

On June 9, 2022, Plaintiff initiated this action by filing the Complaint. *See* ECF No. 1. The Complaint avers that, while enrolled in the graduate program of Stony Brook University's School of Social Welfare, Plaintiff was a paid SUNY Research Foundation clinical fellow and intern at the WellLife Network Inc. *See id*. During his employment, Plaintiff was purportedly subjected to sexual harassment after raising patient treatment and safety concerns and then expelled from the School of Social Welfare in retaliation for reporting the alleged harassment and safety issues. *See id*.

On September 28, 2022, the Court referred the case to Magistrate Judge Parker for general pretrial supervision. *See* ECF No. 17. On January 10, 2023, Judge Parker held an initial

case management conference.  *See* ECF No. 38 at 1.  In a follow-up scheduling order, Judge Parker required Plaintiff to file, by February 9, 2023, either an amended complaint or a letter stating that he would rely on his existing complaint.  *See id.*  Plaintiff did neither.  Judge Parker also directed Plaintiff to exchange initial disclosures by the February 9 deadline.  *See id.* at 2.  Plaintiff failed to abide by that order as well and, to date, still has not complied.  *See* ECF Nos. 86, 87.  Instead, on February 19, 2023, he sought the recusal of Judge Parker and the undersigned.  *See* ECF No. 62.  On March 4, 2023, after Judge Parker declined to recuse, Plaintiff appealed to the Second Circuit.  *See* ECF No. 68.  As part of that appeal, Plaintiff also appealed several other orders, including the Notice of Reassignment of this matter to the undersigned, ECF No. 49, and two orders related to scheduling, ECF Nos. 53, 55.

      Since seeking interlocutory appeal, in addition to defying Court orders, Plaintiff has failed to (1) attend case management conferences, (2) participate in discovery, and (3) oppose the motion to dismiss filed by Defendant nearly six months ago, on March 13, 2023, ECF No. 75.  Instead, Plaintiff has repeatedly and erroneously stated that "[t]he United States Second Circuit Court of Appeals has ordered proceedings [in this case] be stayed" pending the outcome of his appeal.  ECF No. 74; *see also* ECF Nos. 79, 81, 83, 85, 87, 89, 91, 94, 97, 100, 102, 104.  The Second Circuit, Judge Parker, and the undersigned all indicated that the case was not, in fact, stayed.  *See James v. State Univ. of N.Y.*, No. 23-287 (2d Cir. Mar. 30, 2023) (denying Plaintiff's motion "for a stay of district court proceedings pending appeal"); ECF Nos. 78, 88, 105.  In any event, the Second Circuit subsequently dismissed Plaintiff's appeal for lack of jurisdiction.  *See James*, No. 23-287 (2d Cir. Jul. 6, 2023).  Plaintiff was also explicitly warned that "continued failure to comply with Court orders may result in sanctions, up to and including dismissal of this action with prejudice."  ECF No. 93.  Nonetheless, Plaintiff continued to refuse to prosecute his case, *see* ECF No. 107, 109, 110, prompting Judge Parker's Report and Recommendation.

In the Report and Recommendation, Judge Parker recounted Plaintiff's failure to prosecute, *see* ECF No. 112 at 1-4, and applied the five factors relevant to whether an action should be dismissed for failure to prosecute, *see id.* at 4. Judge Parker determined that all five factors favor dismissal because "Plaintiff has failed to comply with court orders, failed to participate in discovery, and failed to appear for case management conferences," despite having "been expressly warned that continued failure to prosecute this action would result in sanctions, up to and including dismissal." *Id.* at 4-5. Plaintiff's lack of participation prejudiced Defendant "because it has been required to expend unnecessary resources attending case management conferences . . . that Plaintiff continues to fail to attend," and likewise "caused undue congestion to th[e] Court's calendar." *Id.* at 5-6. Noting that "it seems highly unlikely that Plaintiff will decide to continue prosecuting this case in the foreseeable future," Judge Parker concluded that, "[g]iven Plaintiffs' [sic] repeated failure to comply with the Court's orders, his continued failure to attend conferences, and his continued and unreasonable insistence that this case is stayed, the sanction of dismissal with prejudice is appropriate." *Id.* at 6.

The Report and Recommendation notified the parties that "Plaintiff shall have seventeen days and Defendant shall have fourteen days from the service of th[e] Report and Recommendation to file written objections to the Report and Recommendation." ECF No. 112 at 7. The Report and Recommendation further cautioned that "failure to file these timely objections w[ould] result in a waiver of those objections for purposes of appeal." *Id.* In addition, the Report and Recommendation expressly called Plaintiff's attention to Rule 72 of the Federal Rules of Civil Procedure (governing pretrial orders issued by magistrate judges) and 28 U.S.C. § 636(b)(1) (governing the jurisdiction of magistrate judges), both of which detail procedures for objecting to the Report and Recommendation. Nevertheless, as of the date of this

Order, no objections have been filed, and no request for an extension of time to object has been made.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). With respect to those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). A magistrate judge's decision is clearly erroneous only if the district court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

Notwithstanding a direct warning that failing to file objections would result in a waiver of judicial review, Plaintiff failed to file any objections to the Report and Recommendation by the August 14, 2023 deadline. Thus, Plaintiff has waived the right to judicial review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))).

     Nonetheless, the Court has carefully reviewed the Report and Recommendation and, unguided by objections, finds no clear error and the Report and Recommendation to be well reasoned and grounded in fact and law.  The Court agrees that Plaintiff's wholesale failure to prosecute his case justifies dismissal under Rule 41(b).  Despite ample notice, Plaintiff has been delinquent for more than six months, and it is apparent that no sanction short of dismissal would be effective.  Accordingly, the Report and Recommendation is adopted in its entirety.

     The Clerk of Court is directed to close the case and to mail a copy of this Order to Plaintiff.  Because Plaintiff's failure to file written objections precludes appellate review of this decision, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is therefore denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

     SO ORDERED.

Dated: September 5, 2023
       New York, New York

                                                            *[signature]*
                                                           JENNIFER H. REARDEN
                                                           United States District Judge